UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA G. ABALOS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-00681-JST<br><br>**ORDER DISMISSING COMPLAINT *SUA SPONTE* AND ISSUING ORDER TO SHOW CAUSE WHY PLAINTIFF DAVID WYNN MILLER SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT AND BE REQUIRED TO OBTAIN LEAVE OF COURT BEFORE FILING ANY NEW ACTION**<br><br>Re: ECF No. 1 |

## I. BACKGROUND

Plaintiffs Estrella Abalos, Jose Abalos, Rolando Lavarias and David Wynn Miller have lodged a complaint with this Court naming as Defendants Greenpoint Mortgage Funding, Inc. and Marin Coveyancing Corporation. ECF No. 1. The complaint is unintelligible. It begins:

> **FOR THE WORD-TERMS OF THIS C.-S.-S.-C.-P.-S.-G.-NOW-TIME-VESSEL:**
> **:DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE=D.-C.-F.-P.-V.-F.-C.-V.**
> **:VASSALEE-(WORD-MEANING) VASSAL**=SERVANT OF THIS DOCUMENT, **EE**=PLOYEE OF THIS VESSEL.
> **:C.-S.-S.-C.-P.-S.-G.**= **:CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR**.
> **:D.-C.-C.** = FOR THE **DOCUMENT-CONTRACT-CLAIM OF THIS** DOCUMENT-VESSEL-FEDERAL-COURT-VENUE.
> :**D.-C.-C.-S.** = FOR THE **DOCUMENT-CONTRACT-CLAIMS-SECTION,** OF THIS PARSE-SYNTAX-GRAMMAR-COMMUNICATION- WORD-CORRECTIONS **ARE** WITH THE CORRECTION-CLAIM OF THE FRAUDULENT-FEDERAL-**TITLES-PARSE-SYNTAX-GRAMMAR** and: **FEDERAL-CODES-FRAUDULENT-PARSE-SYNTAX GRAMMAR** WITH THE SYNTAX-CORRECTIONS OF THE **C.-S.-S.C.-P.-S.-G.-NOW-TIME-d.-C.-F.-P.-V.-F.-C.-V.**

Id. at 1. It continues in this vein for thirteen pages. Plaintiffs have also appended what is

1   apparently a copy of a deed of trust signed by Ms. Abalos, Mr. Abalos, and Mr. Lavarias, which is
2   annotated in an intricate but inscrutable manner.

**II.   DISMISSAL**

Defendants have not appeared in this action, and it is unclear whether they have been properly served. However, the complaint must be dismissed *sua sponte* for several reasons.

First, a court is required to dismiss an action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. Pro. 12(h)(3). "[T]he federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'" Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations omitted). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974). Like other courts who have encountered complaints written in Mr. Miller's distinctive style, this Court concludes that the complaint is so unintelligible and so fails to assert any valid basis for federal jurisdiction that the court lacks the authority to consider it. See, e.g., Packer v. Rowe, 2008 WL 1946036 (E.D. Cal. May 1, 2008); Miller v. Korte, 2002 WL 32350068 (W.D. Wis. Sept. 11, 2002).

Second, "[a] trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). A complaint is subject to dismissal pursuant to Rule 12(b)(6) if it does not "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) cert. denied, 132 S. Ct. 2101 (U.S. 2012). No defendant could possibly be expected to defend itself effectively from this unintelligible complaint.

Third, a court may dismiss a complaint *sua sponte* for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure. Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir.

1969). "A complaint which fails to comply with rules 8(a) and 8(e) [sic] may be dismissed with prejudice pursuant to rule 41(b)." Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981). The instant complaint cannot by any stretch of the imagination be considered "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Neither are its allegations "simple, concise, and direct." Fed. R. Civ. Pro. 8(d)(1). "Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). The Court cannot construe the complaint liberally because the Court cannot construe it at all. It fails to meet the most minimal standards required by Rule 8.

Finally, "[i]t is well established that '[d]istrict courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion.'" Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc., 146 F.3d 1071, 1074 (9th Cir. 1998) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir.1998) (alteration in the original). "[I]f in the informed discretion of the court, neither the statute nor the Rules are up to the task" of adequately sanctioning bad-faith conduct in litigation, "the court may safely rely on its inherent power." Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991).

For these reasons, the complaint is hereby DISMISSED WITHOUT PREJUDICE. The Court grants Ms. Abalos, Mr. Abalos, and Mr. Lavarias leave to file an amended complaint. Some of the plaintiffs could be trying to bring a legitimate claim to the attention of the Court. If Ms. Abalos, Mr. Abalos and Mr. Lavarias are under the impression that Mr. Miller's approach is an appropriate way to present a claim in federal court, the Court now disabuses them of this notion. Those three Plaintiffs are ORDERED to file an amended complaint within twenty-one days of this order, this time written in standard English and specifically articulating the basis for this Court's jurisdiction over this cause of action.

Since plaintiffs appear to be proceeding *pro se*, the Court also refers Ms. Abalos, Mr. Abalos and Mr. Lavarias to helpful information for *pro se* litigants which is available at the court's website at cand.uscourts.gov/proselitigants. If those plaintiffs would like assistance in preparing their complaint, the Court also attaches a flyer with information about setting up a free

1 appointment with the Legal Help Center run by the Bar Association of San Francisco.

2 If the plaintiffs fail to file a satisfactory new complaint within twenty-one days, the court will probably dismiss the complaint with prejudice pursuant to Rule 41(b).  This is not the first time Ms. Abalos and Mr. Abalos have joined with Mr. Miller to file an unintelligible complaint. See Abalos v. Bank of America Home Loan Servicing, L.P., Case No. 4:11-cv-03150-SBA; Abalos v. Bank of America Home Loans Servicing, L.P., Case No. 4:12-cv-05237-YGR.  Both of these complaints were dismissed for failure to prosecute when Ms. Abalos and Mr. Abalos failed to file opposition briefs to the defendants' motions to dismiss.  In this case, Ms. Abalos, Mr. Abalos and Mr. Lavarias failed to follow the court's order to attend the case management conference scheduled for May 29, 2013.  See Civil Minutes, ECF No. 13; see also Clerk's Notice, ECF No. 9.  Given these plaintiffs' well-documented failures to follow court orders and to prosecute their cases, if the plaintiffs fail to follow the order to file a new, satisfactory complaint within twenty-one days, the court is very likely to conclude that it would be futile to attempt any sanction short of dismissal.

The Court only grants Ms. Abalos, Mr. Abalos and Mr. Lavarias leave to file an amended complaint.  As to Mr. Miller, the Complaint is DISMISSED WITH PREJUDICE.  The Court will also issue an Order to Show Cause, as set forth below.

**III.   ORDER TO SHOW CAUSE**

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990).

A search of for Mr. Miller's name in the Public Access to Court Electronic Records (PACER) database reveals that he has filed at least 82 lawsuits in federal courts throughout the country since 1995, and may have helped prepare many more.  See, e.g., Deutsche Bank Nat. Trust Co. v. Halajian, Case No. 1:12-CV-00447 LJO, 2012 WL 1076218, at *4 (E.D. Cal. Mar.

4

1   29, 2012) (noting that the defendant who filed an "incomprehensible and plainly frivolous"
2   submission in that case was "apparently employing activist David Wynn Miller's" language).
3   Recently, Mr. Miller's pace has quickened; he has filed 42 lawsuits just in the last year to date.
4   The court has reviewed all 42 of these complaints. Each one is written in the same unintelligible
5   style as the complaint in this action.

6   At least four district courts have imposed pre-filing screening orders that bar Mr. Miller
7   from filing future suits in those districts without first obtaining leave of court. Lawerenez v. Finn,
8   Case No. 2:97-cv-00781-RTR, ECF Nos. 14 & 15 (E.D. Wis. Oct. 31, 1997); Brooker v. United
9   States, 107 Fed. Cl. 52, 58 (Fed. Cl. 2012); Giron v. Chase Home Mortgage Finance, LLC, Case
10  No. 1:12-cv-00033-MV-RHS, ECF No. 37 (D. N.M. July 28, 2012); In re David Wynn Miller,
11  Case No. 1:12-cv-00672-SOM-BMK, ECF No. 6 (D. Haw. Jan. 2, 2013).

12  In this district, Mr. Miller has filed at least 18 other suits. One, Sacayanan et al v.
13  IndyMac Bank, FSB, Case No. 5:12-cv-04107-LHK, is still pending, but the court in that cause
14  issued an order to show cause why the case should not be dismissed for failure to prosecute, and
15  neither Mr. Miller nor his co-plaintiffs have responded. See id., at ECF No. 7 (May 28, 2013). It
16  appears that all of the rest of Mr. Miller's suits have been dismissed.

17  Most dismissals were for failure to prosecute, usually because Mr. Miller and his co-
18  plaintiffs failed to adequately amend their complaint after courts initially found them inadequate.
19  Cardona v. Aurora Loan Services, Inc., Case No. 10-cv-05416-SBA, 2011 WL 2039415, at *2-3
20  (May 25, 2011); Robledo v. Chase Bank, Case No. 4:11-cv-01292-CW (June 1, 2011); Atienza v.
21  Bayview Financial, L.P. Case No. 3:11-cv-03155-RS (Dec. 15, 2011); Atienza v. American
22  Brokers Conduit, Case No. 3:11-cv-3152-SBA, 2012 WL 359737, at *2 (Feb. 2, 2012); Abalos v.
23  Bank of America Home Loan Servicing, L.P., Case No. 4:11-cv-03150-SBA, 2012 WL 691768, at
24  *1-2 (Mar. 2, 2012); Villanueva et al v. Countrywide Home Loans, Case No. 3:11-cv-06712-JSW
25  (June 4, 2012); Jones v. Deutsche Bank National Trust Co., Case No. 3:12-cv-02624-JSW (Oct. 5,
26  2012); Miller v. Mortgage Investors Group, Case No. 5:12-cv-04764-EJD (Dec. 4, 2012, report
27  and recommendation adopted, Jan. 2, 2013); Miller v. Greenpoint Mortgage Funding, Inc., Case
28  No. 5:12-cv-04110-EJD (Dec. 18, 2012); Balgos v. American Brokers Conduit, Case No. 5:12-cv-

04035-EJD (Jan. 28, 2013, report and recommendation adopted, Feb. 12, 2013); Lapat v. WMC Mortg. Corp., 12-cv-05529-WHA (Feb. 1, 2013); Abalos v. Bank of America Home Loans Servicing, Case No. 4:12-cv-05237-YGR (Feb. 22, 2013); Miller v. Bank of America, NA, Case No. 5:12-cv-05585-LHK (Apr. 18, 2013); Miller v. Wells Fargo Bank, Case No. 4:12-cv-05711-CW (March 28, 2013, report and recommendation adopted, Apr. 16, 2013).

The few times a court of this district has reached the merits of one of Mr. Miller's complaints, it has dismissed it. Miller v. Washington Mutual Bank, Case No. 5:12-cv-03979-RMW (Oct. 23, 2012, report and recommendation adopted, Dec. 3, 2012); Pastor v. New Century Mortgage Corporation, Case No. 4:12-cv-01253-DMR (June 27, 2012) (dismissal for failure to prosecute and for lack of subject-matter jurisdiction). See also San Juan v. Wells Fargo Bank, Case No. 3:12-cv-02529-CRB, 2013 WL 1501458, at *2 (N.D. Cal. Apr. 11, 2013) (concluding that Mr. Miller's complaint was "largely nonsensical," but dismissing instead on the grounds that the complaint had been voluntarily dismissed).

In addition to the districts listed above, numerous other district courts have dismissed Mr. Miller's complaints for being unintelligible. See, e.g., Miller v. Korte, 2002 WL 32350068, at *1 (W.D. Wis. Sep. 11, 2002); Packer v. Rowe, 2008 WL 1946036, at *3 (E.D. Cal. May 1, 2008); Tomas v. Aegis Mortgage Co., 2011 WL 320901, at *3 (S.D. Cal. Jan. 28, 2011); Charov v. Greenpoint Mortgage Funding Inc., CV-11-0007-PHX-LOA, 2011 WL 767296, at *1 (D. Ariz. Mar. 1, 2011); Schwartz v. Interra Credit Union, 3:12 CV 413, 2012 WL 4741588 (N.D. Ind. Oct. 3, 2012).

On the basis of this record, the court is considering declaring Mr. Miller a vexatious litigant and ordering that his future filings to be screened before docketing to determine whether they are similarly unintelligible. The Court sets a hearing for July 25, 2013, at 2:00 p.m., and ORDERS Mr. Miller to SHOW CAUSE why he should not be designated a vexatious litigant and subject to a pre-filing order.

Mr. Miller may participate at the hearing by telephone if he provides a number at which the Court may reach him not less than twenty-four hours before the hearing. He also may file a brief with the Court explaining why he should not be declared a vexatious litigant, provided that

the brief is filed by July 18, 2013.  Any such submissions, of course, must also be submitted in standard English to be considered by this Court.

**IT IS SO ORDERED**.

Dated:  June 25, 2013



_____
JON S. TIGAR
United States District Judge