UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA G. ABALOS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., et al.,<br><br>　　　　Defendants. | Case No. 13-cv-00681-JST<br><br>**ORDER DECLARING PLAINTIFF DAVID WYNN MILLER A VEXATIOUS LITIGANT AND SUBJECTING HIS SUBMISSIONS TO PRE-FILING REVIEW**<br><br>Re: ECF No. 14 |

## I. BACKGROUND

Plaintiffs Estrella Abalos, Jose Abalos, Rolando Lavarias and David Wynn Miller lodged a complaint with this Court naming as Defendants Greenpoint Mortgage Funding, Inc. and Marin Coveyancing Corporation. ECF No. 1. The complaint is unintelligible. It begins:

> **FOR THE WORD-TERMS OF THIS C.-S.-S.-C.-P.-S.-G.-NOW-TIME-VESSEL:**
> **:DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE=D.-C.-F.-P.-V.-F.-C.-V.**
> **:VASSALEE-(WORD-MEANING) VASSAL**=SERVANT OF THIS DOCUMENT, **EE**=PLOYEE OF THIS VESSEL.
> **:C.-S.-S.-C.-P.-S.-G.**=　　**:C**ORRECT-**S**ENTENCE-**S**TRUCTURE-**C**OMMUNICATION-**P**ARSE-**S**YNTAX-**G**RAMMAR.
> **:D.-C.-C.** = FOR THE **DOCUMENT-CONTRACT-CLAIM OF THIS** DOCUMENT-VESSEL-FEDERAL-COURT-VENUE.
> :**D.-C.-C.-S.** = FOR THE **DOCUMENT-CONTRACT-CLAIMS-SECTION,** OF THIS PARSE-SYNTAX-GRAMMAR-COMMUNICATION- WORD-CORRECTIONS **ARE** WITH THE CORRECTION-CLAIM OF THE FRAUDULENT-FEDERAL-TITLES-PARSE-SYNTAX-GRAMMAR and: **FEDERAL-CODES-FRAUDULENT-PARSE-SYNTAX GRAMMAR** WITH THE SYNTAX-CORRECTIONS OF THE **C.-S.-S.C.-P.-S.-G.-NOW-TIME-d.-C.-F.-P.-V.-F.-C.-V.**

Id., at 1. It continues in this vein for thirteen pages. Plaintiffs have also appended what is apparently a copy of a deed of trust signed by Ms. Abalos, Mr. Abalos, and Mr. Lavarias, which is annotated in an intricate but inscrutable manner.

Since this is far from the first filing of this sort that David Wynn Miller has made in the federal courts, the Court set an Order to Show Cause to consider whether Mr. Miller should be declared a vexatious litigant. Order Dismissing Complaint *Sua Sponte* and Issuing an Order to Show Cause Why Plaintiff David Wynn Miller Should Not Be Declared a Vexatious Litigant and Be Required to Obtain Leave of Court before Filing any New Action ("Order"), ECF No. 14.

## II. VEXATIOUS LITIGANT DETERMINATION

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). The Ninth Circuit has established "four factors for district courts to examine before entering pre-filing orders." Id. "First, the litigant must be given notice and a chance to be heard before the order is entered," second, the court "must compile 'an adequate record for review,'" third, the court "must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation," and fourth, "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" Id. (citing DeLong, 912 F.2d at 1147-49).

### A. Notice and Opportunity to Be Heard

In the previous order, the Court provided clear notice to Mr. Miller that it was considering declaring him a vexatious litigant and subjecting him to a pre-filing order. Order, at 4:19-7:2. The order advised Mr. Miller of the time and place of the hearing on the matter, invited him to submit a brief in response, and even invited him to participate at the hearing by telephone. Id. That order was served on Mr. Miller at the address he provided in filing his materials with the Court. See Certificate of Service, ECF No. 14-2. Mr. Miller neither appeared at the hearing nor took advantage of any of the other opportunities to be heard before this order was entered. See Civil Minutes, ECF No. 16.

### B. Record for Review

A search for Mr. Miller's name in the Public Access to Court Electronic Records (PACER)

database reveals that he has filed at least 82 lawsuits in federal courts throughout the country since 1995, and may have helped prepare many more. See, e.g., Deutsche Bank Nat. Trust Co. v. Halajian, Case No. 1:12-CV-00447 LJO, 2012 WL 1076218, at *4 (E.D. Cal. Mar. 29, 2012) (noting that the defendant who filed an "incomprehensible and plainly frivolous" submission in that case was "apparently employing activist David Wynn Miller's" language). Recently, Mr. Miller's pace has quickened; he has filed 40 lawsuits in the past twelve months. The court has reviewed all 40 of these complaints. Each one is written in the same unintelligible style as the complaint in this action.

At least four district courts have imposed pre-filing screening orders that bar Mr. Miller from filing future suits in those districts without first obtaining leave of court. Lawerenez v. Finn, Case No. 2:97-cv-00781-RTR (E.D. Wis. Oct. 31, 1997); Brooker v. United States, 107 Fed. Cl. 52, 58 (Fed. Cl. 2012); Giron v. Chase Home Mortgage Finance, LLC, Case No. 1:12-cv-00033-MV-RHS, ECF No. 37 (D. N.M. July 28, 2012); In re David Wynn Miller, Case No. 1:12-cv-00672-SOM-BMK, ECF No. 6 (D. Haw. Jan. 2, 2013).

In this district, Mr. Miller has filed at least 18 other suits. It appears that all of them have been dismissed. Most dismissals were for failure to prosecute, often because Mr. Miller and his co-plaintiffs failed to adequately amend their complaint after courts initially found them unintelligible. Cardona v. Aurora Loan Services, Inc., Case No. 10-cv-05416-SBA, 2011 WL 2039415, at *2-3 (May 25, 2011); Robledo v. Chase Bank, Case No. 4:11-cv-01292-CW (June 1, 2011); Atienza v. Bayview Financial, L.P. Case No. 3:11-cv-03155-RS (Dec. 15, 2011); Atienza v. American Brokers Conduit, Case No. 3:11-cv-3152-SBA, 2012 WL 359737, at *2 (Feb. 2, 2012); Abalos v. Bank of America Home Loan Servicing, L.P., Case No. 4:11-cv-03150-SBA, 2012 WL 691768, at *1-2 (Mar. 2, 2012); Villanueva et al v. Countrywide Home Loans, Case No. 3:11-cv-06712-JSW (June 4, 2012); Jones v. Deutsche Bank National Trust Co., Case No. 3:12-cv-02624-JSW (Oct. 5, 2012); Miller v. Mortgage Investors Group, Case No. 5:12-cv-04764-EJD (Dec. 4, 2012, report and recommendation adopted, Jan. 2, 2013); Miller v. Greenpoint Mortgage Funding, Inc., Case No. 5:12-cv-04110-EJD (Dec. 18, 2012); Balgos v. American Brokers Conduit, Case No. 5:12-cv-04035-EJD (Jan. 28, 2013, report and recommendation adopted, Feb.

12, 2013); Lapat v. WMC Mortg. Corp., 12-cv-05529-WHA (Feb. 1, 2013); Abalos v. Bank of America Home Loans Servicing, Case No. 4:12-cv-05237-YGR (Feb. 22, 2013); Miller v. Bank of America, NA, Case No. 5:12-cv-05585-LHK (Apr. 18, 2013); Miller v. Wells Fargo Bank, Case No. 4:12-cv-05711-CW (March 28, 2013, report and recommendation adopted, Apr. 16, 2013); Sacayanan et al v. IndyMac Bank, FSB, Case No. 5:12-cv-04107-LHK (July 17, 2013).

The few times a court of this district has reached the merits of one of Mr. Miller's complaints, it has dismissed it. Miller v. Washington Mutual Bank, Case No. 5:12-cv-03979-RMW (Oct. 23, 2012, report and recommendation adopted, Dec. 3, 2012) (dismissal for failure to satisfy Rule 8); Pastor v. New Century Mortgage Corporation, Case No. 4:12-cv-01253-DMR (June 27, 2012) (dismissal for failure to prosecute and for lack of subject-matter jurisdiction). See also San Juan v. Wells Fargo Bank, Case No. 3:12-cv-02529-CRB, 2013 WL 1501458, at *2 (N.D. Cal. Apr. 11, 2013) (concluding that Mr. Miller's complaint was "largely nonsensical," but dismissing instead on the grounds that the complaint had been voluntarily dismissed).

In addition to the districts listed above, numerous other district courts have dismissed Mr. Miller's complaints for being unintelligible. See, e.g., Miller v. Korte, Case No. 02-C-504-C, 2002 WL 32350068, at *1 (W.D. Wis. Sep. 11, 2002); Packer v. Rowe, Case No. CIV S–07–1358–JAM–CMK2008 WL 1946036, at *3 (E.D. Cal. May 1, 2008); Tomas v. Aegis Mortgage Co., Case No. 10–CV–2286 BEN (BLM), 2011 WL 320901, at *3 (S.D. Cal. Jan. 28, 2011); Charov v. Greenpoint Mortgage Funding Inc., Case No. CV-11-0007-PHX-LOA, 2011 WL 767296, at *1 (D. Ariz. Mar. 1, 2011); Schwartz v. Interra Credit Union, Case No. 3:12 CV 413, 2012 WL 4741588, at *2 (N.D. Ind. Oct. 3, 2012).

**C.  Substantive Findings**

The Ninth Circuit has held that a five-factor test from the Second Circuit provides "a helpful framework for applying the two substantive factors (factors three and four) of [the Ninth Circuit's] own four-factor standard." Molski, 500 F.3d at 1058. The Second Circuit's test considers "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is

4

represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986).

The filing of numerous lawsuits does not necessarily make a litigant's conduct vexatious. However, in this case, Mr. Miller's extraordinary prolificacy weighs heavily in favor of finding frivolousness. Since his complaints are regularly dismissed, Mr. Miller cannot possibly have an objectively reasonable, good faith expectation that he is likely to prevail in the suits that he files. Mr. Miller does not appear to be represented by counsel, but it appears that he may advise others to file lawsuits of this kind. In view of this history, lesser sanctions are unlikely to be adequate to protect the courts and other parties, because Mr. Miller has a demonstrated incapacity to follow the rules and requirements of the courts.

Most importantly, Mr. Miller has placed an inordinate burden on the courts and on other parties. The record clearly reflects that Mr. Miller regularly files complaints that are so unintelligible that courts cannot construe them and defendants cannot respond to them. Courtroom personnel must spend significant time and taxpayer resources attempting to understand Mr. Miller's filings, resources that could otherwise be spent dealing with the many litigants who adhere to court rules and requirements. When Mr. Miller or his co-plaintiffs succeed in serving their complaints, defendants must waste significant time and expense attempting to defend themselves from incoherent allegations. Needless to say, this is a flagrant abuse of the judicial system.

**D.      Narrow Tailoring**

The Court believes that the order entered *infra* is narrowly tailored to meet only the goal of relieving this court and other parties from having to respond to Mr. Miller's unintelligible complaints.

**III.    PRE-FILING ORDER**

The Court hereby enters the following pre-filing order.

1.      David Wynn Miller is hereby barred from participating in the filing of any lawsuit,

either alone or with other plaintiffs, in the United States District Court for the Northern District of California, without first obtaining leave of court.

2. To obtain leave of court, Mr. Miller must seek leave in writing to file a new action, and must include with his request (a) a copy of the complaint he proposes to file, and (b) the following statement in capital letters on the first page of the request: "THIS PLEADING IS SUBJECT TO AN ORDER REQUIRING LEAVE OF COURT TO FILE A NEW ACTION. PURSUANT TO THE ORDER OF THIS COURT IN CASE NUMBER 3:13-CV-00681, THE DUTY JUDGE MUST DETERMINE WHETHER THIS SUBMISSION IS INTELLIGIBLE BEFORE IT CAN BE FILED."

3. If Mr. Miller requests leave of court in the manner required by ¶ 2, *supra*, the Clerk of Court shall refer his request to the duty judge, who shall determine whether the submission is capable of being understood. If it is, the duty judge shall so advise the Clerk of Court, and the submission will be filed and assigned as if no pre-filing order were in place. If the duty judge determines that the submission is not intelligible, the Clerk shall not file it and shall instead follow the procedures in the following paragraph.

4. If Mr. Miller participates in the filing of a lawsuit without requesting leave of court, or requests such leave and is denied, the Clerk of Court shall not docket any such submission. The Clerk shall advise Mr. Miller and all other parties to the suit in writing that the submission has not been filed because Mr. Miller is not permitted to participate in lawsuits before this court without receiving advance permission. No filing fee shall be accepted in that case.

5. This order shall not apply to any suit in which a licensed attorney represents Mr. Miller, or to any action in which Mr. Miller appears as a criminal defendant.

6. This order shall remain in effect until further order by this Court. Mr. Miller may petition for this order to be repealed after two years from the date of this order, but must

/ / /

/ / /

/ / /

/ / /

1 demonstrate in any such request that he has entirely ceased his practice of filing unintelligible
2 complaints and has not advised any other party to do the same.

**IT IS SO ORDERED**.

Dated: July 25, 2013


JON S. TIGAR
United States District Judge

United States District Court
Northern District of California