UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA G. ABALOS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., et al.,<br><br>    Defendants. | Case No.  13-cv-00681-JST<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

On June 25, this Court dismissed the complaint in this action *sua sponte* because it was completely unintelligible. ECF No. 14. The Court ordered three of the plaintiffs (Estrella Abalos, Jose Abalos, and Rolando Lavarias) to file an amended complaint, this time written in standard English, within twenty-one days. Id. Plaintiffs have neither filed an amended complaint by the Court's deadline nor filed anything else to explain their failure to prosecute this case. The court then issued an Order to Show Cause why the complaint should not be dismissed with prejudice pursuant to Rule 41(b), and set a hearing at which Plaintiffs failed to appear. ECF Nos. 15 & 19.

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); see also Oliva v. Sullivan, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss *sua sponte* for failure to meet court deadline).

"[T]he district court must weigh the following factors in determining whether a Rule 41(b)

dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

The first three Henderson factors strongly support dismissal. See Yourish, 191 F.3d at 992 ("three factors strongly favor dismissal" when plaintiff, without valid explanation, failed to meet deadline to file amended complaint). First, "the public's interest in expeditious resolution of litigation always favors dismissal." Id., at 990. Second, to be able to manage its docket effectively, the Court must be able to dismiss actions without operative complaints which have stalled due to one party's unilateral inaction in meeting court-imposed deadlines.

As for the third Henderson factor, while the defendant has not appeared in this action, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." Yourish, 191 F.3d at 991. A plaintiff has the burden of demonstrating an at least non-frivolous reason for failing to meet a court deadline. Id. Here, Plaintiffs have not requested an extension of the deadline and have offered no explanation for their failure to timely amend. Therefore, the third Henderson factor also supports dismissal.

The fourth Henderson factor normally weighs strongly against dismissal. See, e.g., Hernandez, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." In re PPA, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (quoting In re

Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996)).  If the fourth Henderson factor weighs against dismissal, it does so very weakly.

Finally, the Court has considered and attempted less drastic sanctions and determined that they are inadequate or inappropriate.  "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case."  Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).  The Court "warn[ed] the plaintiff that dismissal [was] imminent," Oliva, 958 F.2d at 274, first in its dismissal order, and then again in the Order to Show Cause.  ECF Nos. 14 & 15.  Neither order prompted any response.  Moreover, several of these same plaintiffs have twice before filed unintelligible complaints in this court that were dismissed for failure to prosecute when they failed to oppose motions to dismiss.  See Abalos v. Bank of America Home Loan Servicing, L.P., Case No. 4:11-cv-03150-SBA (N.D. Cal. March 2, 2012); Abalos v. Bank of America Home Loans Servicing, L.P., Case No. 4:12-cv-05237-YGR (N.D. Cal. Feb. 22, 2013).  Finally, in this case, Plaintiffs violated another order to attend the case management conference scheduled for May 29, 2013.  See Civil Minutes, ECF No. 13; see also Clerk's Notice, ECF No. 9.  The Court declined to impose sanctions for this violation and instead waited to see if Plaintiffs would begin to prosecute this action after the complaint was dismissed.  Given this experience, and the fact that monetary sanctions are likely to be inappropriate for *pro se* litigants, the Court concludes that less drastic sanctions are unlikely to be adequate or appropriate.  The fifth Henderson factor weighs strongly in favor of dismissal.

The Court is mindful of the high standard for dismissing complaints by *pro se* litigants.  "[B]efore dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  In its previous dismissal, the Court identified the deficiencies in the complaint, gave Plaintiffs specific directions about how to amend their complaint, and even referred Plaintiffs to assistance for *pro se* litigants.  ECF No. 14.  Since none of these efforts met with any response, the Court concludes that it would be futile to permit further amendment.

For the foregoing reasons, dismissal with prejudice is warranted.  See Yourish, 191 F.3d at

1  998 (approving dismissal with prejudice for failure to timely amend complaint); see also Ghazali

2  v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally

3  in their favor, *pro se* litigants are bound by the rules of procedure").

4  The complaint is DISMISSED WITH PREJUDICE.  The Clerk shall close the file.

5  **IT IS SO ORDERED**.

6  Dated: August 2, 2013

_____
JON S. TIGAR
United States District Judge